UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal Action No. 1:21-cr-10118-IT |
| | * |
| ANGEL VALENZUELA, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

November 14, 2024

TALWANI, D.J.

On October 16, 2024, Defendant Angel Valenzuela filed an Emergency Motion for the Court's Recommendation to Have Defendant's Term of Supervised Release Served in the United States. [Doc. No. 274]. Defendant was previously sentenced by this court to a term of 54 months and a 5-year term of supervised release. [Doc. No. 248]. According to Defendant, his projected release date from the custody of the Bureau of Prisons ("BOP") is December 31, 2024. See Motion at 1 [Doc. No. 274].

In his Motion, Defendant reports that he is currently undergoing treatment for Multiple Myeloma Cancer at the BOP's Federal Medical Center in Butner, N.C., but that he is a citizen of the Dominican Republic and will be unable to receive adequate treatment in the Dominican Republic upon his return to that country. Id. at 2-3. Defendant requests that this court: (1) modify its judgment to allow Defendant to serve his 5-year term of supervised release in the United States; or (2) appoint counsel to assist Defendant in navigating his pending U.S. Immigration and Customs Enforcement ("ICE") deportation process. Id. at 3-4.

First, as to Defendant's request that he serve his term of supervised release in the United States, this court lacks jurisdiction to hear this claim as set forth by Defendant. The requested

relief would require a stay of the removal proceedings. As a general matter, district courts lack jurisdiction over removal proceedings. <u>See, e.g.</u>, 8 U.S.C. § 1252(a)(2)(A) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal . . . ."); 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ."); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."). Defendant does not provide this court with information suggesting that this court has jurisdiction over the removal proceedings here.

Second, as to Defendant's request that this court appoint him counsel, the court does not have authority to appoint counsel for proceedings in other forums, such as immigration court.

Therefore, for the reasons stated herein, the court does not have jurisdiction or authority to provide Defendant the relief sought, and Defendant's <u>Motion</u> [Doc. No. 274] is DENIED.

IT IS SO ORDERED.

November 14, 2024                         /s/ Indira Talwani
                                          United States District Judge